**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | § § § | |
| and | § § | CIVIL ACTION NO. 2:08cv381 |
| LOCATION BASED SERVICES LLC, | § § | **JURY TRIAL DEMANDED** |
| Plaintiffs, | § § | |
| v. | § § | |
| METROPCS COMMUNICATIONS, INC., et al. | § § § | |
| Defendants. | § | |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO
DEFENDANT LEAP WIRELESS INTERNATIONAL, INC.**

1.   On October 7, 2008, EMSAT Advanced Geo-Location Technology, LLC and Location Based Services LLC (collectively, "Plaintiffs") filed suit against Leap Wireless International, Inc., Cricket Communications, Inc., and others for infringement of U.S. Patent Nos. 5,946,611; 6,847,822; and 7,289,763. Defendant Leap Wireless International, Inc. asserts that it is not a proper party to this lawsuit.

2.   To this end, Leap Wireless International, Inc. represents, stipulates, and agrees that:

   a.   Leap Wireless International, Inc. is a holding company that does not participate directly in the operation of a mobile network or in the manufacture, sale, or offer for sale of products and/or services attendant to, or that use, a mobile network, including but not limited to location-finding technologies. Nor is Leap Wireless International, Inc. directly responsible for complying with or implementing Phase

       2 of the Federal Communication Commission's Enhanced 911 program ("E911 Services") for a mobile network;

b.   Defendant Cricket Communications, Inc. is Leap Wireless International, Inc.'s only mobile network operator and/or wireless service provider subsidiary and is the entity within the Leap Wireless International, Inc. family that seeks to comply with or implement E911 Services for a mobile network and that offers for sale and sells products and services attendant to, or that use, the mobile network it operates;

c.   Leap Wireless International, Inc. and Cricket Communications, Inc. agree that solely for purposes of discovery in this case, discoverable documents and information in the possession, custody or control of Leap Wireless International, Inc., if any, will be deemed to be in the control of Cricket Communications, Inc., subject to any other objections that may be properly lodged;

d.   Any and all claims or causes of action, if any, by Plaintiffs against Leap Wireless International, Inc. and by Leap Wireless International, Inc. against Plaintiffs, if any, relating to U.S. Patent Nos. 5,946,611; 6,847,822; and 7,289,763 are tolled from the filing date of this lawsuit and for such time as Cricket Communications, Inc. remains a party to this lawsuit;

e.   Should Plaintiffs conclude through discovery that Leap Wireless International, Inc. has alleged liability under U.S. Patent Nos. 5,946,611; 6,324,404; 6,847,822; or 7,289,763, Plaintiffs may add Leap Wireless International, Inc. as a party to this lawsuit at a later date, and Leap Wireless International, Inc. will agree to appear in this suit (without prejudice to asserting any defenses otherwise available to it) and will not move for an extension of any deadlines based upon such

        addition. Leap Wireless International, Inc. also agrees that any and all causes of action relating to U.S. Patent Nos. 5,946,611; 6,324,404; 6,847,822; and 7,289,763, if any, asserted by Plaintiffs against Leap Wireless International, Inc. and those of Leap Wireless International, Inc. against Plaintiffs, if any, will relate back to the original filing date of this action for purposes of statute of limitations and damages (e.g., 35 U.S.C. § 287); and

    f.    While this lawsuit remains pending, Leap Wireless International, Inc. agrees that it will assert any claim it has against Plaintiffs regarding U.S. Patent Nos. 5,946,611; 6,324,404; 6,847,822; or 7,289,763 in the present lawsuit only.

3.    As a result of the above representations, stipulations, and agreements, Plaintiffs hereby agree to dismiss Leap Wireless International, Inc. without prejudice. A proposed Order is attached.

4.    Plaintiffs have not released, and nothing in this Stipulation should be construed as a release or discharge of, any claim Plaintiffs have or may have in the future against any Defendant named in this action or any other asserted infringer of U.S. Patent Nos. 5,946,611; 6,847,822; or 7,289,763. All other rights have been, and are, expressly reserved.

**[Remainder of this page left blank intentionally]**

**Dated:   January 19, 2009.**

| | |
|---|---|
| /s/ Edward R. Nelson, III | /s/ Carl R. Roth |
| Texas State Bar No. 00797142 | Carl R. Roth |
| Attorney-in-Charge | THE ROTH LAW FIRM, P.C. |
| Brent N. Bumgardner | 115 N. Wellington, Suite 200 |
| Texas State Bar No. 00795272 | Marshall, Texas 75670 |
| Barry J. Bumgardner | (903) 935-1665 |
| Texas State Bar No. 00793424 | (903) 935-1797 – fax |
| Christie B. Lindsey | cr@rothfirm.com |
| Texas State Bar No. 24041918 | |
| NELSON BUMGARDNER CASTO, P.C. | Kenneth R. Adamo |
| 5601 Bridge Street, Suite 300 | kradamo@jonesday.com |
| Fort Worth, Texas 76112 | JONES DAY |
| (817) 377-9111 | 2727 North Harwood Street |
| (817) 377-3485 (fax) | Dallas, Texas  75201 |
| enelson@nbclaw.net | Telephone:     (214) 220-3939 |
| bbumgardner@nbclaw.net | Facsimile:      (214) 969-5100 |
| barry@nbclaw.net | |
| clindsey@nbclaw.net | Mark V. Campagna |
| | mcampagna@jonesday.com |
| T. John Ward, Jr. | JONES DAY |
| Texas State Bar No. 00794818 | 1420 Peachtree Street, N.E. |
| WARD & SMITH LAW FIRM | Suite 800 |
| 111 W. Tyler Street | Atlanta, GA  30309-3053 |
| Longview, Texas  75601 | Telephone:     (404) 521-3939 |
| (903) 757-6400 | Facsimile:      (404) 581-8330 |
| (903) 757-2323 (fax) | |
| jw@jwfirm.com | Jose L. Patiño |
| | jlpatino@jonesday.com |
| **ATTORNEYS FOR PLAINTIFFS** | JONES DAY |
| | 12265 El Camino Real |
| | Suite 200 |
| | San Diego, California 92130 |
| | Telephone:     (858) 314-1156 |
| | Facsimile:      (858) 314-1150 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |
| | **LEAP WIRELESS INTERNATIONAL, INC.** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                   /s/ Edward R. Nelson, III